**EMANUEL LAW**
Sacha V. Emanuel (SBN 218705)
  svemanul@gmail.com
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 881-6814
Facsimile: (310) 881-6801

Attorneys for Plaintiff
THIN DELICIOUS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIN DELICIOUS LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DARE FOODS LIMITED, an Ontario corporation,<br><br>Defendant. | Case No.:_____<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a);**<br><br>(2) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a);**<br><br>(3) **TRADEMARK INFINGEMENT (Cal. Bus. & Prof. Code §§ 14330 and 14402); and**<br><br>(4) **UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200, et seq.)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Thin Delicious LLC ("Plaintiff"), a Delaware corporation, by and through its undersigned counsel, complains and alleges against Defendant Dare Foods Limited, an Ontario corporation, as follows:

## THE PARTIES

1. Plaintiff Thin Delicious LLC ("Plaintiff") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Gardena, California.

2. Plaintiff is informed and believes and based thereon alleges that Defendant Dare Foods Limited ("Defendant") is a corporation organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business in Ontario, Canada. Plaintiff is informed and believes and based thereon alleges that Defendant is a food manufacturing company with factories in Canada and the United States who distributes its products in the United States, including without limitation, the State of California, County of Los Angeles.

## NATURE OF ACTION

3. This is an action for trademark infringement and false designation of origin, statutory and common law unfair competition, and trademark dilution, based on the Defendant's adoption and use of COOKIE CHIPS as a brand for its baked, snack biscuits in violation of Plaintiff's established rights in COOKIE CHIPS as a registered trademark for its baked, snack biscuits.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendent unfair competition claims.)

5. Venue is proper pursuant to 28 U.S.C. section 1391.

6. This Court has personal jurisdiction over Defendant because, *inter alia*, (a) Defendant is doing business in the State of California, including without

1  limitation, the County of Los Angeles by distributing its products or causing its
2  products to be distributed within this state and county; and (b) Plaintiff is informed
3  and believes, and on that basis alleges, that a substantial part of the wrongful acts
4  committed by Defendant, including without limitation, acts of infringement and
5  unfair competition, have occurred in interstate commerce in this judicial district.

## FACTUAL BACKGROUND

<u>Plaintiff's Product and Trademark</u>

7.  Plaintiff is in the business of manufacturing and selling packaged baked goods, in particular, snack biscuits (i.e., cookies). Plaintiff's founder and Chief Executive Officer, Joanne Adirim, is an acclaimed pastry chef who has been professionally engaged in the creation of baked desserts for almost 25 years.

8.  Since 2012, Plaintiff, through its predecessor-in-interest, HannahMax Baking, Inc. ("HMBI"), has manufactured and sold baked biscuits under the trademark COOKIE CHIPS.

9.  Plaintiff's COOKIE CHIPS products derive from a baked snack biscuit originally created by Ms. Adirim for her own family. Plaintiff's COOKIE CHIPS products are high-quality snack foods made with only natural ingredients. They do not contain genetically-modified organisms, artificial flavors or sweeteners, colors, preservatives, or trans-fats.

10.  Plaintiff's COOKIE CHIPS products have been very successful since being introduced for sale to the public. Plaintiff's sales volumes have been substantial, and sales growth has occurred rapidly. Plaintiff has extensively advertised its COOKIE CHIPS products and offered the products for sale in leading conventional and natural grocery stores across the United States and in Canada.

///

///

11. As a result, the COOKIE CHIPS brand has received substantial public recognition and become very well known to the public. Furthermore, the success of the plaintiff's COOKIE CHIPS products demonstrated the market potential for all-natural thin, sweet, crispy baked snack biscuits.

12. On November 27, 2012, Plaintiff's predecessor-in-interest, HMBI, filed an application to register the trademark COOKIE CHIPS in connection with cookies, in Class 030. On May 28, 2013, the United States Patent and Trademark Office ("PTO") issued to Plaintiff, U.S. Trademark Registration No. 4,344,520 for the trademark COOKIE CHIPS. A true and correct copy of this registration is attached hereto as **Exhibit A**.

13. The COOKIE CHIPS registration is in full force and effect on the PTO's Supplemental Register.

14. On or about January 5, 2016, HMBI and Plaintiff entered into an agreement entitled Trademark Assignment in which HMBI assigned all right, title, and interest in and to, among other things, the trademark, COOKIE CHIPS, to Plaintiff. Plaintiff recorded the assignment with the PTO on March 3, 2016.

15. The Plaintiff's products bearing the COOKIE CHIPS trademark:

(a) have been advertised and promoted in retail stores, including through the Plaintiff's website accessible at www.hannahmax.com and www.cookiechips.com;

(b) have been sold in retail stores in the United States and Canada; and,

(c) have been the subject of media reports.

16. As a result of all the foregoing, the public and the trade use the COOKIE CHIPS trademark to identify and refer to Plaintiff's baked biscuit products; the public and trade recognize that such designations refer to the high quality, all natural baked biscuit products emanating from a single source; and said trademark has built up secondary meaning and extensive good will.

17. In addition, as of the date of the filing of this complaint, Plaintiff is actively engaged in expanding its use of the COOKIE CHIPS trademark in connection with baked biscuit products in interstate commerce throughout the United States including in the State of California, and other territories.

<u>Defendant's Infringement of Plaintiff's Trademark</u>

18. Since in or around 2015, the Defendant has been manufacturing, selling, distributing, and advertising in the State of California, County of Los Angeles, baked biscuits in association with the trademarks COOKIE CHIPS and DARE COOKIE CHIPS.

19. The Defendant has been manufacturing, exporting, distributing and selling its baked biscuits in packaging with the appearance shown in **Exhibit B** attached hereto.

20. The Defendant's baked biscuit products are of the same nature as Plaintiff's in that they are allegedly all-natural, sweet, crispy baked snack biscuits. Defendant's products, like Plaintiff's, are also advertised as containing no artificial colors or flavors, or preservatives, and as containing "real butter" and "9 simple ingredients."

///

21. Plaintiff is informed and believes and based thereon alleges that Defendant advertises its products in the United States, including without limitation in the State of California, County of Los Angeles.

22. The Defendant's products are sold in retails stores such as Smart & Final, in the United States, including without limitation, in the County of Los Angeles.

23. Upon information and belief, prior to Defendant's first use of the COOKIE CHIPS and DARE COOKIE CHIPS marks in connection with the sale of products essentially identical in nature to those provided by Plaintiff, Defendant was aware of Plaintiff, Plaintiff's COOKIE CHIPS products, had access to Plaintiff's website page and knew or should have known of the COOKIE CHIPS Trademark and the valuable goodwill symbolized by the mark and its association with Plaintiff's products. Despite Plaintiff's prior rights, Defendant adopted and used to sell products, essentially identical in nature to Plaintiff's, a mark confusingly similar to Plaintiff's COOKIE CHIPS trademarks for the purpose of, and with the intention of, trading off of Plaintiff's goodwill and reputation.

24. Plaintiff, through counsel, put Defendant on notice of its infringing activities and requested that Defendant immediately and permanently cease and desist from any and all use of the COOKIE CHIPS trademark and any other name or derivation thereof similar to the COOKIE CHIPS mark.

25. Defendant, through counsel, refused to comply with Plaintiff's demands.

26. As of the date of this Complaint, Defendant continues to use the COOKIE CHIPS and DARE COOKIE CHIPS marks. Defendant's failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue

wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the COOKIE CHIPS mark.

# FIRST CLAIM FOR RELIEF
# FOR TRADEMARK INFRINGEMENT
# UNDER 15 U.S.C. § 1125(a)

27. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant's use of the marks, COOKIE CHIPS and/or DARE COOKIE CHIPS in connection with the sale of baked snack biscuits is without permission or authority of the Plaintiff and said use is likely to cause confusion, cause mistake and/or to deceive. The relevant public has believed and is likely to believe Defendant's product originates with, is licensed by, sponsored by, connected with, or associated with Plaintiff. Defendant's unauthorized use of the infringing mark falsely represents Defendant as being legitimately connected with Plaintiff, and places Plaintiff's reputation beyond Plaintiff's control.

29. Plaintiff has been and is being damaged by Defendant's trademark infringement and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

30. Based on Defendant's previous and continuing knowledge of Plaintiff's Federal Registered Mark and continued activities, Plaintiff is informed and believes, and on that basis alleges, that Defendant's trademark infringement is willful, making this an exceptional case entitling Plaintiff to recover profits, damages, and/or reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

///
///
///
///

## SECOND CLAIM FOR RELIEF

## FOR UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## UNDER SECTION 15 U.S.C. § 1125(a)

31. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

32. Defendant's adoption and use of the COOKIE CHIPS and DARE COOKIE CHIPS trademarks as hereinabove pled, constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes or represents the origins of Defendant's products as originating from or being in connection with Plaintiff when this is not the case, and thereby constitutes a false description or representation used in interstate and/or international commerce.

33. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

34. Based on Defendant's previous and continuing knowledge of Plaintiff's Federal Registered Mark and continued activities, Plaintiff is informed and believes, and on that basis alleges, that Defendant's trademark infringement is willful, making this an exceptional case entitling Plaintiff to recover profits, damages, and/or reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

## FOR TRADEMARK INFRINGEMENT

## UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 14330, ET. SEQ., AND 14402, ET SEQ.

35. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

36. By its acts alleged herein, Defendant has engaged in trademark

infringement, trade name infringement, and unfair competition under the common and statutory law of the State of California, California Business and Professions Code § 14330, et seq.; and § 14402, et seq.

37. Defendant has intentionally deceived the public by misrepresenting that their products are in some way sponsored or authorized by Plaintiff.

38. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception

39. By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendant is restrained from continuing its wrongful acts, the damage will be increased.

40. Based on Defendant's previous and continuing knowledge of Plaintiff's Federal Registered Mark and continued activities, Plaintiff is informed and believes, and on that basis alleges, that Defendant's trademark infringement is willful, making this an exceptional case entitling Plaintiff to recover punitive damages and attorneys' fees pursuant to § 14250(c).

## FOURTH CLAIM
## FOR UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 AND 17500

41. Plaintiff incorporate herein by reference the allegations contained in Paragraphs 1 through 26, above, as though set forth in full herein.

42. Defendant's actions described above and specifically, without limitation, Defendant's unauthorized use of the COOKIE CHIPS and DARE COOKIE CHIPS trademarks in interstate and/or international commerce constitutes trademark infringement, false advertising and unfair competition in violation of the laws of the State of California.

43. By these actions, Defendant has engaged in false advertising and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500, *et*

*seq.*, and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

44. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

A. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.*; California Business and Professions Code §§ 17200 and 17500 *et seq.*; specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with Defendant be enjoined from:

1. using the COOKIE CHIPS and DARE COOKIE CHIPS trademarks, or any marks confusingly similar to the COOKIE CHIPS mark, in connection with the marketing, promotion, advertising, sale, or distribution of, among other products, baked snack biscuits, and other related products;

2. directly or indirectly engaging in false advertising or promotions of Defendant's products;

B. That Defendant files, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C. That Defendant be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of either Defendant's products or Plaintiff's products;

D. That Defendant be adjudged to unlawfully and unfairly compete against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200,

*et seq.*;

E. That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, *et seq.*;

F. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' false and misleading statements;

G. That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

H. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

I. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's trademark infringement, unfair competition and false advertising under California Business and Professions Code §§ 14330, 14402, 17200 and 17500 *et seq.*;

J. That Plaintiff be granted prejudgment and post judgment interest;

K. That Plaintiff be granted costs associated with the prosecution of this action; and

L. For such other and additional relief as the court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-11-
COMPLAINT

DATED: June 10, 2016              EMANUEL LAW


                                  By_____
                                       Sacha V. Emanuel
                                  Attorneys for Plaintiff Thin Delicious, LLC